**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DEBRA NOLL AND JOHN SANDERS, | ) ) | Case No.: _1:21-cv-289_____ |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | JUDGE _____ |
| v. | ) | |
| | ) | |
| GREAT LAKES SERVCIES, LLC d/b/a GREAT WOLF LODGE, | ) ) | **DEFENDANT'S NOTICE OF REMOVAL** |
| | ) | |
| *Defendant*. | | |

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Great Lakes Services, LLC, d/b/a Great Wolf Lodge ("Great Lakes") by its attorneys, hereby removes the action styled as *Debra Noll, et al. v. Great Lakes Services, LLC*, Case No. 21-CV-94098, filed in the Court of Common Pleas, Warren County, Ohio.

In support of removal, Great Lakes states as follows:

**I.     GREAT LAKES HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

1.     On March 22, 2021, Plaintiffs Debra Noll and John Sanders ("Plaintiffs") filed an action against Great Lakes in the Court of Common Pleas, Warren County, Ohio, styled *Debra Noll, et al. v. Great Lakes Services, LLC*, Case No. 21-CV-94098.

2.     Great Lakes was served with a Summons and Complaint on March 26, 2021. A true and correct copy of the Complaint is attached as Exhibit 1.

3.     On April 8, 2021, Plaintiff filed an Amended Complaint. A true and correct copy of the Amended Complaint is attached as Exhibit 2.

4.     In the Amended Complaint, Plaintiffs allege the following eight causes of action against Great Lakes: (i) discrimination against Noll on the basis of age in violation of Ohio Rev. Code

§§ 4112.02 and 4112.99; (ii) creating an age-based hostile work environment for Sanders in violation of Ohio Rev. Code § 4112.14(B); (iii) failure to promote Sanders on the basis of age in violation of Ohio Rev. Code § 4112.14(B); (iv) discrimination against Noll on the basis of her disability in violation of Ohio Rev. Code §§ 4112.02 and 4112.99; (v) creating a disability-based hostile work environment for Sanders in violation of Ohio Rev. Code § 4112; (vi) failure to promote Sanders on the basis of his disability in violation of Ohio Rev. Code §§ 4112.02 and 4112.99; (vii) retaliation against Noll by "treating her worse than other employees" in violation of Ohio Rev. Code § 4112.02(I); and (viii) unlawfully interfering with Noll's exercise of her rights under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1) and Family and Medical Leave Act regulations 29 C.F.R. § 825.220 (Amended Complaint ¶¶ 69-176.)

5.    Pursuant to 28 U.S.C. § 1446(a), the undersigned counsel verifies that true and correct copies of all process, pleadings, and orders served upon such defendant or defendants in such action, are attached as follows:

    a.    Summons and Complaint (Exhibit 1); and

    b.    Amended Complaint (Exhibit 2).

6.    This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1).

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT-MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 AND 28 U.S.C. § 1367(a).

7.    A defendant may remove an action from state court to federal court if the action could have been originally brought in federal court.  28 U.S.C. § 1441.

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Plaintiffs have alleged a claim arising under federal law: Interference with the exercise of Noll's rights under the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1) and Family and Medical Leave Act regulations

29 C.F.R. § 825.220. This Court also has jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(a) because they are "part of the same case or controversy" as the federal law claim. Accordingly, this Court has jurisdiction over all the claims in the Amended Complaint. *See* 28 U.S.C. §§ 1331, 1367(a), 1441(a), 1441(c).

9.     The United States District Court for the Southern District of Ohio is the proper venue for removal from the state court, because this is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10.     If any question arises as to the propriety of the removal of this action, Great Lakes requests the opportunity to conduct limited discovery and to present a brief and oral argument in support of its position that this case is removable.

11.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiffs, and a copy of this Notice of Removal is being filed with the Clerk for the Circuit Court for the Court of Common Pleas, Warren County, Ohio, 500 Justice Drive, P.O. Box 238, Lebanon, Ohio 45036.

12.     The removal of this action to this Court does not waive Defendant's ability to assert any defense in this action.

WHEREFORE, Defendant has removed this action to this Court in accordance with the statutes cited herein.

Dated:  April 22, 2021                             Respectfully submitted,


By:    /s/ Judson D. Stelter
       Judson D. Stelter (0084295)
       Michael Best & Friedrich LLP
       170 South Main Street, Suite 1000
       Salt Lake City, UT 84101
       Phone:  385.695.6450
       Fax:     801.931.2500
       Email:   jdstelter@michaelbest.com

       *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 22nd day of April 2021, a true and correct copy of the foregoing document was served upon the following via electronic and U.S. mail, postage prepaid:

Matthew G. Bruce
Evan R. McFarland
The Spitz Law Firm
11260 Chester Road, Suite 825
Cincinnati, OH 45426
Email: Matthew.Bruce@spitzlawfirm.com
Email: Evan.McFarland@spitzlawfirm.com

*Attorneys for Plaintiffs*

/s/ *Judson D. Stelter*
Attorney for Defendant