# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA NOLL, *et al.*, | : | Case No. 1:21-cv-289 |
| Plaintiffs, | : | Judge Timothy S. Black |
| vs. | : | |
| GREAT LAKES SERVICES, LLC, | : | |
| Defendant. | : | |

## ORDER REMANDING THIS CASE TO THE WARREN COUNTY, OHIO COURT OF COMMON PLEAS

This case is before the Court pursuant to a *sua sponte* review of the Notice of Removal filed by Great Lakes Services, LLC dba Great Wolf Lodge ("Great Lakes") (Doc. 1), Great Lakes' motion to dismiss Count VIII (Doc. 6), and the parties' stipulated notice of dismissal of Count VIII (Doc. 9).

Plaintiffs Debra Noll and John Sanders originally brought this action on March 22, 2021 in the Warren County, Ohio Court of Common Pleas.[1] (Doc 1-1). On April 8, 2021, Plaintiffs filed an Amended Complaint. (Doc. 1-2). The Amended Complaint asserts seven counts of violations of Ohio state employment law (the "State Claims"). (*Id.*) The Amended Complaint also included an eighth count, asserting an unlawful interference with the Family and Medical Leave Act, 29 U.S.C. § 26115(a)(1) (the "Federal Claim"). (*Id.*)

---

[1] The background and procedural history are taken from the Notice of Removal and the other documents filed with this Court.

On April 22, 2021, Great Lakes removed the action pursuant to federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331; 1367(a); 1441. Great Lakes then moved to dismiss the Federal Claim. (Doc. 6). On May 27, 2021, the parties filed a stipulated notice of dismissal of the Federal Claim. (Doc. 9).

With the Federal Claim dismissed, the Court finds that the complaint contains only state law claims. And, with jurisdiction in this case being based solely on the existence of a federal question,[2] this Court has jurisdiction over the State Claims only if the State Claims are pendent to the (now-dismissed) Federal Claim.

Federal courts have the power to exercise pendent jurisdiction where the state and federal claims derive from a common nucleus of facts such that a plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction. 28 U.S.C. § 1367; *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). However, a federal court, in its discretion may decline to exercise such pendant jurisdiction and remand a case to state court when all federal claims are dismissed from the case. 28 U.S.C. § 1367(c); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that under the doctrine of pendent jurisdiction, a district court has discretion to remand a case to state court). Accordingly, since the Federal Claim has been dismissed long before trial and the

---

[2] Great Lakes' notice of removal does not contend that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, this Court *sua sponte* granted Great Lakes leave to file a motion in support of jurisdiction, particularly to inform this Court of whether diversity jurisdiction exists. (6/4/2021 Notation Order). Great Lakes did not file any motion.

complaint provides no independent basis of federal jurisdiction, it is appropriate for this Court to remand the case to Plaintiffs' original choice of forum.

Based on the foregoing, this case is **REMANDED** to the Warren County, Ohio Court of Common Pleas from which it was removed. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 6/22/2021

Timothy S. Black
United States District Judge